IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

WYNELL HENRY, III,                )
                                  )
     Plaintiff,                   )
                                  )
v.                                )        No. 23-cv-2031-TMP
                                  )
KILOLO KIJAKAZI,                  )
ACTING COMMISSIONER OF SOCIAL     )
SECURITY ADMINISTRATION,          )
                                  )
     Defendant.                   )

_____

ORDER AFFIRMING THE COMMISSIONER'S DECISION
_____

On January 23, 2023, Wynell Henry, III filed a *pro se* Complaint seeking judicial review of a social security decision.[1] (ECF No. 1.) Henry seeks to appeal a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Title II disability benefits. (R. at 6.) For the following reasons, the decision of the Commissioner is AFFIRMED.

I.   BACKGROUND

A.   Procedural History

Henry received supplemental security income benefits as a child. (R. at 17.) As is required, Henry's eligibility for these

_____

[1]After the parties consented to the jurisdiction of a United States magistrate judge on December 7, 2023, this case was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 13.)

disability benefits was redetermined under the rules for determining disability in adults when he turned eighteen. (Id.) On January 18, 2018, the Social Security Administration ("SSA") determined that he was no longer disabled as of January 8, 2018. (Id.) The decision was upheld on reconsideration after a hearing before a state agency Disability Hearing Officer. (Id.) Henry then requested a hearing, which was held before an Administrative Law Judge ("ALJ") over telephone on December 4, 2020. (Id.) Henry was informed of his right to be represented by counsel at the hearing but chose to represent himself. (Id.)

After considering the record and the testimony given at the hearing, the ALJ used the five-step analysis to conclude that Henry was not disabled. (R. at 23.) The ALJ did not need to consider the first step, because "this step is not used for redetermining disability at age 18." (R. at 18) (citing 20 C.F.R. § 416.987(b)). At the second step, the ALJ concluded that Henry had the following severe impairments: "sickle cell disease and bilateral shoulder avascular necrosis." (R. at 19.) At the third step, the ALJ concluded that Henry's impairments do not meet or medically equal, either alone or in the aggregate, the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 20.) Accordingly, the ALJ had to next determine Henry's residual functional capacity ("RFC"). The ALJ found that Henry has

> the residual functional capacity to perform light work
> as defined in 20 CFR 416.967(b) except as follows: can
> frequently climb ramps or stairs, balance, stoop, kneel,
> or crouch; occasional overhead reaching but frequent
> reaching in all other directions; never climb ladders,
> ropes, or scaffolds; never work at unprotected heights,
> near hazardous machinery, or in environments with
> exposure to extreme temperatures.

(Id.) Pursuant to 20 C.F.R. § 404.1567(b), light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Additionally, light work includes jobs "requir[ing] a good deal of walking or standing, or [that] involve[] sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

In reaching the RFC determination, the ALJ discussed Henry's testimony and the medical evidence in the record. The ALJ summarized Henry's testimony as: "he is unable to work because he feels like he will get sick. He stated that he is not able to do much but that he does drive and sometimes goes out with friends." (R. at 21.) The ALJ then explained that, despite a documented history with sickle cell disease, Henry "documents no treatment after March 2019, and the treatment notes prior to that date document stability with treatment and normal physical examination findings." (Id.) Based on his condition, the ALJ found that Henry's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Henry's] statements concerning the intensity, persistence and limiting effects of

these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Id.) To reach this conclusion, the ALJ surveyed Henry's medical history. She discussed Henry's history with monthly blood transfusions for the sickle cell disease and bilateral shoulder necrosis, observing that he had not received recent treatment. (Id.) She also noted that Henry's physical exam yielded "normal results[,]" he had switched from transfusions to medication treatment in January 2019, and his March 2019 test results revealed that his condition was "was still well controlled and that he was doing well. Physical examination findings were unremarkable. . . . The record documents no episodes of pain crises, no hospitalizations, and no emergency room treatment for pain during the period in question." (Id.)

The ALJ recognized that substantial gainful activity is treated differently for disability redeterminations for individuals who attain age eighteen than for adults being considered. (Id.) (citing 20 C.F.R. § 416.920(b)). In the typical five-step process, the regulations require that for people who "are working and the work [they] are doing is substantial gainful activity, [the SSA] will find that [they] are not disabled regardless of [their] medical condition or [their] age, education, and work experience." 20 C.F.R. § 416.920(b). By contrast, in reconsiderations for people who reach age eighteen, the SSA "will

- 4 -

not use the rule in § 416.920(b) for people who are doing substantial gainful activity . . . ." Id. § 416.987(b). The ALJ mentioned that Henry "has worked at substantial gainful activity steadily since the fourth quarter of 2019." (R. at 21.) However, she did not apply 20 C.F.R. § 416.920(b) to find that Henry is not disabled, but instead considered his gainful activity in discounting Henry's self-reported symptoms and pain-level. (Id.) The ALJ also considered and found the state agency evaluating consultants' opinions persuasive, explaining that they are "supported with detailed narratives, and are consistent with the medical evidence of record, in particular the treatment notes documenting normal physical examination findings and no treatment after March 2019." (R. at 22.)

At the fourth step, the ALJ determined that Henry is capable of performing his past relevant work as a document preparer. (Id.) The ALJ determined that a document preparer, based on the description "in the Dictionary of Occupational Titles, is a sedentary unskilled job." (Id.) The ALJ also considered the vocational expert's testimony that Henry could perform this work even given his RFC. (Id.) Although the ALJ concluded that Henry could perform past relevant work, she considered the fifth step, too, finding that he is capable of performing other jobs that exist in significant numbers in the national economy. (Id.) Despite his limitations, the ALJ found the vocational expert's testimony

consistent with the record that Henry could perform other jobs, including work as a merchandise maker, a mail sorter, or an inspector. (R. at 23.) Because Henry could perform past relevant work or do one of a number of jobs that exist in significant numbers in the national economy, the ALJ concluded that "[a] finding of 'not disabled' is therefore appropriate" and Henry's "disability ended on January 8, 2018, and the claimant has not become disabled again since that date." (Id.)

On February 2, 2021, the ALJ issued a decision detailing the findings summarized above. The Appeals Council denied Henry's request for review. (R. at 1.) Henry seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner under § 1631(c)(3) of the Act. Henry filed his *pro se* complaint on January 23, 2023. (ECF No. 1.) In it, he made no argument. (Id.) The Commissioner answered on July 13, 2023, providing only the administrative record. (ECF No. 9.) Henry then submitted a "Reply Brief" on November 16, 2023. (ECF No. 15.) He described his condition and his treatment but does not make any argument or objection regarding the Commissioner's decision. (Id.) On December 12, 2023, the undersigned ordered Henry to show cause, giving him until January 11, 2024, to submit an appellant's brief. (ECF No. 20.) Henry did not submit a brief by that date.

## II. ANALYSIS

*Pro se* plaintiffs' filings and arguments are "liberally construed" in the plaintiff's favor. <u>Cecil v. Comm'r of Soc. Sec.</u>, No. 3:13-CV-265, 2014 WL 7176203, at *1 (S.D. Ohio Sept. 16, 2014). However, even *pro se* plaintiffs must present arguments to challenge the Commissioner's determination. <u>See, e.g.</u>, <u>Sawyer v. Comm'r of Soc. Sec.</u>, No. 21-CV-11871, 2022 WL 4241752, at *4 (E.D. Mich. June 22, 2022), <u>report and recommendation adopted</u>, No. 21-CV-11871, 2022 WL 4240866 (E.D. Mich. Sept. 14, 2022) (finding against a *pro se* plaintiff on an issue when his briefing "makes no argument and cites no evidence showing that [the ALJ's] conclusion was flawed."). Henry has not filed a brief with argument to this court and none of his previous filings included any argument suggesting the ALJ's decision was in error. The undersigned has reviewed the administrative record and the ALJ's order is satisfied that the ALJ's findings are supported by substantial evidence.

## III. CONCLUSION

For the reasons above, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 17, 2024
Date

- 7 -